STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**UPPERCUT BROS, LLC.,**
a Michigan Limited Liability Company,
and **ABBAS BAZZY**, an Individual,

   Plaintiffs,

vs.

**HASSAN HAMMOUD,**
an Individual,

   Defendant.

Case No. 21-015931 -CB
Hon.:   Brian R. Sullivan

_____/

**ABDRABBOH LAW, P.C.**
Mohammed Abdrabboh (P61989)
Attorneys for Plaintiffs
1806 N. Telegraph
Dearborn, MI 48128
(313) 277-1000

_____/

### COMPLAINT

There's a pending case between the Defendant (but not Plaintiffs) in the Wayne County Circuit Court involving some of the subject matter of this Case as well as a federal case involving Plaintiffs. The Wayne County Circuit Court Case is assigned to Judge Brian Sullivan, case number 21-009557-CB, with a related case number of 17-013444-CB

  NOW COMES Plaintiffs, by and through their attorneys, Abdrabboh Law, P.C., and for their Complaint, states as follows:

### PARTIES AND JURISDICTION

 1. Plaintiff Uppercut Bros, LLC (hereinafter "Plaintiff LLC") is a Michigan Limited Liability Company doing business in Wayne County, Michigan.

 2. Plaintiff Abbas Bazzy (hereinafter "Plaintiff Abbas") is an individual residing in Wayne County, Michigan.



EXHIBIT
A

3.     Defendant Hassan Hammoud (hereinafter "Defendant Hassan") is an individual residing in Wayne County, Michigan.

4.     All of the causes of action set forth in this Complaint arose within the County of Wayne, State of Michigan.

5.     The amount in controversy between these parties exceeds $ 25,000.00 exclusive of interest, costs and attorneys fees, and the other relief requested in this complaint is equitable.

### COMMON ALLEGATIONS

6.     Defendant Hassan, upon information and belief, owns 30% of Dearborn Golden Investments, LLC ("DGI"), the remaining 70% is owned by Defendant Hassan's brothers.

7.     DGI owns certain property located on Chase Rd in the City of Dearborn (hereinafter the "Building"). Plaintiff LLC is one of the tenants at the Chase Rd building owned by DGI (hereinafter the "Premises").

8.     Plaintiff Abbas owns 100% of Plaintiff LLC.

9.     Defendant Hassan is Plaintiff Abbas' uncle.

10.    In or around September 2017, a member of DGI filed a complaint against the remaining members of DGI (including Defendant Hassan), as well as an entity owned by Defendant Hassan. It was a dispute between the brothers.[1] (hereinafter the "DGI Old Case")

11.    While the DGI Old Case was pending, Defendant Hassan filed a complaint in federal court in December 2019 against Plaintiff LLC and Plaintiff Abbas (hereinafter

---

[1] Case Number 17-013444-CB, assigned to Judge Sullivan. The case was ultimately resolved in arbitration.

collectively "Plaintiffs"), and others, for, among other things, to abate a nuisance, a RICO violation, RICO conspiracy, and Civil Conspiracy (hereinafter the "Old Federal Case").

12. Ultimately, the DGI Old Case was settled in arbitration. Part of the settlement required that Defendant Hassan dismiss the Old Federal Case against these Plaintiffs, which he did.

13. Then, in November 2020, Defendant Hassan (derivatively on behalf of DGI) filed another federal complaint against these Plaintiffs and others alleging the same exact causes of action as he did in the Old Federal Case against these Plaintiffs. The case is ongoing, assigned to Judge Borman, case number 20-13115 (hereinafter the "New Federal Case").

14. The dispute between the members of DGI (all brothers) has been ongoing and continues. The allegations against each other range from theft, embezzlement, breach of fiduciary duties, mismanagement, and other allegations of fraud and misrepresentation (hereinafter the "Brothers Dispute").

15. Upon information and belief, the Brothers Dispute has also involved allegations that Defendant Hassan is a silent partner with other tenants in the Building which directly competes with Plaintiffs business.

16. Defendant Hassan, like he did in the Old Federal Case, uses Plaintiffs as a pawn and pressure point to force his brothers (the other members of DGI) to give in to his demands, and otherwise overlook his otherwise illicit activities at the Building.

17. Upon information and belief, when Defendant filed the New Federal Case, he was involved in a dispute with his brother including his attempt to buyout the remaining brothers and own 100% of DGI.

3

18.     As Defendant's attempt began failing, he filed the New Federal Case for no valid reason other than to pressure his brother into selling DGI to him, and to harass, intimidate, defame, and otherwise interfere with Plaintiffs business to enrich himself because, again, Defendant is a partner with other tenants at the Building who are in the same business as Plaintiffs.

19.     Defendant has contacted the city of Dearborn to report alleged criminal activity by Plaintiffs. The very same conduct Defendant has reported and alleged to the City of Dearborn, he was and is engaged in himself.

20.     After Defendant Hassan was caught submitting fraudulent documents and altered receipts to the Wayne County Circuit Court, he has been determined to punish anyone including Plaintiffs whom he perceives either worked against him or failed to back up his fraud.

21.     Defendant Hassan has defamed Plaintiffs by, among other things, stating to other tenants, community members, and various others the Plaintiff Abbas is engaged in criminal activity and that he uses his company Plaintiff LLC for criminal activity including conspiracy allegations, and RICO violations.

22.     Defendant Hassan individually and with others conspired to interfere with Plaintiffs business and business relationships with, among others, DGI.

23.     Defendant Hassan, as a member of DGI and other reasons, has a duty not to interfere or otherwise engage in the aforementioned conduct as provided for herein in this complaint for the sole purpose to enrich himself through his tactics of intimidation, harassment, and defaming Plaintiffs in order to gain an unfair business advantage.

24.     Defendant Hassan's actions and/or inactions as provided for throughout this complaint caused damages and special damages to Plaintiffs including, but not limited to, causing Plaintiffs customers to go elsewhere and/or to seize doing business with Plaintiffs, and, upon information and belief, directing those customers to others which would pay Defendant Hassan a kick-back.

25.     Defendant Hassan, as a member of DGI, entered into a business relationship with other tenants at the Building which directly compete with Plaintiffs, and Defendant Hassan has a monetary interest in evicting Plaintiffs from the Premises and/or, as provided for herein, defame Plaintiffs in order to take Plaintiffs customers to the other tenants at the Buildings.

26.     Defendant Hassan knows that if Plaintiffs customers aren't confident or assured that Plaintiff will have product 4-6 months out, or if Plaintiffs occupancy at the Building is jeopardized (and therefore the product would be gone), said customers will take their business elsewhere including to the other tenants at the Building which Defendant Hassan is a silent partner.

27.     Defendant Hassan business relationships with other tenants is secretive and off the books, this is by design so that Hassan can maintain the appearance of neutrality and independence, in reality he is trying to destroy what Hassan views as his competition.

## COUNT I
## DEFAMATION/SLANDER PER SE

28.     Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

29.     As set forth herein, Defendant Hassan made statements, *inter alia*, to others that were slanderous, defamatory, damaging, and shed false light upon Plaintiffs' reputation.

30.     As set forth herein, the false and defamatory statements made by Defendant Hassan were calculated to and did cause great injury to Plaintiffs individual and professional, business, and reputation and held Plaintiffs up to public scorn, resentment, hatred, embarrassment, and ridicule.

31.     Defendant Hassan made the aforesaid statements with actual malice and/or wrongful intent for the sole purpose of injuring Plaintiffs.

32.     Defendant Hassan made the aforesaid statements with actual malice and/or wrongful intent for the sole purpose of gaining customers, and other financial gains to Plaintiffs detriment.

33.     Prior to these statements, Plaintiffs had enjoyed a good reputation for honesty, rightness of character and credit in the conduct of his personal, business, and professional reputation.

34.     Said statements were wholly false and constituted slander per se pursuant to MCLA 600.2911.

35.     As a result of the wrongful, willful and malicious statements by Defendant Hassan, Plaintiffs has been greatly injured and prejudiced in his professional reputation and business and has suffered damages, including but not limited to:

a.          Great injury to Plaintiff Abbas' good name and reputation, which have been brought into public scandal, ridicule and infamy;

6

b.   Plaintiffs present and future business opportunities have suffered

by reason of Defendant Hassan's slanderous statements and those in the

past who constituted their clientele now refuse to have transactions,

acquaintance or discussions with them, as they were accustomed to

doing and otherwise would have done;

c.   Damage to their professional reputation, which loss of status has

reduced their income and destroyed his business relationships; and

d.   Public humiliation and embarrassment, great distress, mental

anguish and injury to his reputation in the community.

**WHEREFORE,** Plaintiffs hereby request that this Honorable Court award a

judgment in their favor and against Defendant Hassan for an amount in excess of $25,000

and award them exemplary and punitive damages, costs, attorney fees and such other

damages as may be appropriate under the circumstances.

## COUNT II
## DEFAMATION/SLANDER

36.   Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if

the same were set forth herein in full.

37.   As set forth herein, the statements made by Defendant Hassan regarding

Plaintiffs are false and defamatory.

38.   Defendant Hassan spoke such libelous and defamatory statements to third

parties.

39.   Defendant Hassan did so with full knowledge of the falsity of such statements

or made such statements with reckless disregard for their truth.

40.     Plaintiffs have suffered the following substantial damages as a direct and consequential result of Defendant Hassan's slanderous statements including but not limited to:

a.     Great injury to Plaintiff Abbas' good name and reputation, which have been brought into public scandal, ridicule and infamy;

b.     Plaintiffs present and future business opportunities have suffered by reason of Defendant Hassan's slanderous statements and those in the past who constituted their clientele now refuse to have transactions, acquaintance or discussions with them, as they were accustomed to doing and otherwise would have done;

c.     Damage to their professional reputation, which loss of status has reduced their income and destroyed his business relationships; and

d.     Public humiliation and embarrassment, great distress, mental anguish and injury to his reputation in the community.

**WHEREFORE**, Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

## COUNT III
## DEFAMATION PER QUOD

41.     Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

8

42.    As set forth herein, Defendant Hassan made statements, *inter alia*, to others that were slanderous, defamatory, damaging, and shed false light upon Plaintiffs reputation.

43.    As set forth herein, the false and defamatory statements made by Defendant Hassan were calculated to and did cause great injury to Plaintiffs professional, business, and personal reputation and held Plaintiffs up to public scorn, resentment, hatred, embarrassment, and ridicule.

44.    Defendant Hassan made the aforesaid statements with actual malice and/or wrongful intent for the sole purpose of injuring Plaintiffs.

45.    Prior to these statements, Plaintiffs had enjoyed a good reputation for honesty, rightness of character and credit in the conduct of his personal, business, and professional reputation.

46.    As a result of the wrongful, willful and malicious statements by the Defendant Hassan, Plaintiffs has been greatly injured and prejudiced in his professional reputation and the conduct of his business and has suffered damages, including but not limited to:

a.      Great injury to Plaintiff Abbas' good name and reputation, which have been brought into public scandal, ridicule and infamy;

b.      Plaintiffs present and future business opportunities have suffered by reason of Defendant Hassan's slanderous statements and those in the past who constituted their clientele now refuse to have transactions, acquaintance or discussions with them, as they were accustomed to doing and otherwise would have done;

c.        Damage to their professional reputation, which loss of status has

reduced their income and destroyed his business relationships; and

d.        Public humiliation and embarrassment, great distress, mental

anguish and injury to his reputation in the community.

**WHEREFORE**, Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

## COUNT IV
### FALSE LIGHT

47.     Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

48.     As set forth herein, Defendant Hassan without substantiation and with a reckless and willful disregard for the truth of same, did falsely slander and defame Plaintiff by stating, among other things, that Plaintiff is as a criminal, and/or engaged in a criminal enterprise.

49.     At the time Defendant Hassan slandered and defamed Plaintiffs, Defendant Hassan had no basis upon which to make such claim and made same with a willful and wanton disregard for the truth and/or falsity of same and so doing, placed Plaintiffs in a false light.

50.     These defamatory per se statements, which constitutes a false light on Plaintiffs, were disseminated and made public and will continue to be made public, thereby constituting an additional and repeated injury to Plaintiffs as well as his right to remain free from defamatory per se commentary.

51. As a direct and proximate result of the above described actions, Plaintiffs suffered special harm and actual damages as described in this Complaint.

**WHEREFORE**, Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

## COUNT V
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

52. Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

53. Plaintiffs operate a business which relies on its reputation for lawful conduct and competent services and product. Customers pay Plaintiffs relying on its professional, lawful, and competent service, product, and conduct.

54. Plaintiffs occupy the Premises under a written lease agreement with DGI which Defendant Hassan has knowledge of, and has profited from said lease by Plaintiffs paying rent and Defendant Hassan receiving his proportionate share.

55. Defendant Hassan interfered with Plaintiffs contractual agreement with DGI, including its right to quit use of the Premises.

56. Pursuant to these practices, customers choose if they want to conduct business with Plaintiffs, or discontinue with Plaintiffs services.

57. Based on Defendant Hassan's aforementioned actions and/or inactions, including his negative and false publications, customers stopped doing business with Plaintiffs.

58.     Defendant Hassan, by his unwarranted, negligent, and/or intentional, and/ or reckless accusation of Plaintiffs as provided for herein, interfered with Plaintiffs right to enjoy a fair reputation from prospective and existing customers and not have their customers or prospective customers influenced by Defendant Hassan's false statements.

59.     Defendant Hassan knew of Plaintiffs relationship with its customers, or should've known.

60.     Defendant Hassan tortuously interfered for Plaintiffs relationship to enrich himself, and to otherwise harass, intimidate, threaten, and to put pressure on his brother to settle their internal dispute.

61.     Defendant Hassan interfered to enrich himself by directing customers to a competitor in the Building which Defendant Hassan was receiving a kick-back.

62.     Defendant Hassan's actions and/or inactions as provided for in this Complaint, his unwarranted, negligent, and/or intentional, and/or reckless accusation of Plaintiffs as provided for herein, interfered with Plaintiffs contractual rights with various customers as well as DGI.

63.     As a direct and proximate result of Defendant Hassan's aforementioned actions, Plaintiffs have been damaged in the manner set forth above.

**WHEREFORE,** Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

## COUNT VI
## CIVIL CONSPIRACY

64.     Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

65.     Defendant Hassan agreed and conspired with other tenants in the Building, as well as others, to defame Plaintiffs in order to gain Plaintiffs customers and to enrich himself, and to have Plaintiffs evicted in order to occupy the Premises for himself and his own enrichment.

66.     Defendant Hassan agreed and conspired with other tenants in the Building, as well as others to interfere with and otherwise take Plaintiffs customers by, among other things, making false accusations against Plaintiffs including alleging the Plaintiffs are engaging in a criminal enterprise and/or that Plaintiffs are being evicted.

67.     As provided for herein throughout this Complaint, Defendant Hassan knew that if Plaintiffs customers aren't confident or assured that Plaintiff will have product 4-6 months out, or if Plaintiffs occupancy at the Building is jeopardized (and therefore the product would be gone), said customers will take their business elsewhere including to the other tenants at the Building which Defendant Hassan is a silent partner.

68.     Defendant Hassan and others conspired and did in fact shed false light upon Plaintiffs, and did in fact file a federal lawsuit for eviction in order to show Plaintiffs customers that Plaintiffs will be out of business 'soon'.

69.     As a direct and proximate result of the aforementioned conspiracy, Plaintiffs have been damaged.

    **WHEREFORE,** Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000

and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

## COUNT VII
## BREACH OF FIDUCIARY DUTY

70.    Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

71.    At all times relevant hereto, Defendant Hassan was a member of DGI, and at times the managing member.

72.    Defendant Hassan owed a duty to Plaintiffs to, among other duties, not interfere with its possessory interest at the Premises and not to engage in self-dealing with by renting and/or being a silent partner with other tenants at the Building that directly compete with Plaintiffs.

73.    Defendant Hassan's actions and/or inactions as provided for throughout this complaint breached his aforementioned duties.

74.    As provided for herein and throughout this Complaint, Defendant Hassan's conduct has continued and has caused Plaintiffs substantial damages.

75.    Defendant Hassan breached his fiduciary duty and/or his duties to Plaintiffs as provided for throughout this Complaint, and by:

> a. Filing 2 federal complaints under the guise of federal question jurisdiction for the sole purpose to show Plaintiffs customers that Plaintiffs are criminals and for the sole purpose to evict Plaintiffs in order for him to occupy the Premises himself;
>
> b. Engaged in self-dealing by, among other ways, allowing other tenants to compete with Plaintiffs and getting a kick-back on the side;

14

c. Selectively evicting or attempting to evict Plaintiffs for an alleged nuisance when other tenants at the Building are in the same exact business but the difference is Defendant Hassan is their silent partner;

d. Engaged in self-dealing by being a silent partner with Plaintiffs competitors;

e. To avoid detection of his conduct, Defendant Hassan remains a silent partner;

f. To protect his kick-backs, Defendant Hassan is selectively attempting to evict Plaintiffs but not the others who are engaged in the same business at the Building;

g. By evicting Plaintiffs, Defendant Hassan's business share with the other tenants would be worth at least double; and

h. By evicting Plaintiffs, Defendant Hassan's would take over the entire Premises, for free, which Plaintiffs spent tens of thousands of dollars building, as well as gain Plaintiffs customers and goodwill.

76. As a direct and proximate result of the aforementioned breach, Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

**COUNT VIII**
**MALICIOUS PROSECUTION**

77. Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

78. As set forth in this Complaint, Defendant Hassan's motive in bringing the 2 federal cases is for malicious reasons and for the sole purpose to enrich himself.

79.     Defendant Hassan's primary tactic historically to resolve business disputes is to use the court system to make false and misleading statements about others.

80.     Defendant Hassan's motives, financial and otherwise, are provided for throughout this Complaint and are incorporated herein in this Count as if fully set forth herein.

81.     Defendant Hassan filed the Old Federal Case which was later dismissed with prejudice in Plaintiffs favor.

82.     Defendant Hassan filed the Old Federal Case without cause, and without any basis.

83.     Defendant Hassan's primary purpose for filing the Old Federal Case (and the New Federal Case) is alleged throughout this complaint and was for other than securing the proper adjudication of the claim on which the Old Federal Case (and New Case) was or is based, including self-dealing, and for other elicit means as provided for in this complaint.

84.     As a result of the aforementioned, Plaintiffs have suffered damages, including its reputation, monetary damages, and loss of business goodwill.

        **WHEREFORE**, Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

## COUNT IX
### EXEMPLARY DAMAGES

85.     Plaintiffs hereby incorporate by reference all of the forgoing paragraphs as if the same were set forth herein in full.

86.     Plaintiffs gave proper notice to Defendant Hassan to cease and desist from further slandering and defaming them.

87.     Defendant Hassan continued his collective campaign of slandering and defaming Plaintiffs after receiving notice to cease and desist.

88.     As set forth herein, Defendant Hassan acted with actual malice entitling Plaintiffs to exemplary and punitive damages.

89.     As set forth herein, Defendant Hassan acted with reckless conduct, unreasonable disregard for Plaintiffs rights and sensibilities, and actual malice entitling Plaintiffs to exemplary and punitive damages.

Plaintiffs hereby request that this Honorable Court award a judgment in their favor and against Defendant Hassan for an amount in excess of $25,000 and award them exemplary and punitive damages, costs, attorney fees and such other damages as may be appropriate under the circumstances.

RESPECTFULLY SUBMITTED,

/s/ Mohammed Abdrabboh
**ABDRABBOH LAW, P.C.**
Mohammed Abdrabboh (P61989)
Attorneys for Plaintiffs
1806 N. Telegraph
Dearborn, MI 48128
313-277-1000

Dated: November 17, 2021

*(left margin, rotated)* Angila Mayfield 11/17/2021 2:15 PM WAYNE COUNTY CLERK Cathy M. Garrett FILED IN MY OFFICE 21-015931-CB

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>21-015931-CB<br><br>Brian R. Sullivan |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>UPPERCUT BROS, LLC.,<br>a Michigan Limited Liability Company,<br>and ABBAS BAZZY, an Individual | v | Defendant(s)<br>HASSAN HAMMOUD,<br>an Individual |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O),MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]**

1. **Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

   ☐ all of the parties are business enterprises

   ☑ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

   ☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

   ☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

   **AND**

2. **Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

   ☐ information technology, software, or website development, maintenance, or hosting

   ☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

   ☑ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

   ☐ commercial transaction, including commercial bank transactions

   ☐ business or commercial insurance policies

   ☐ commercial real property

   ☐ other type of business or commercial dispute (explain):

| 11-17-21 | |
|---|---|
| Date | Signature |
| | MOHAMMED ABDRABBOH     P61989 |
| | Name (type or print)     Bar no. |

Approved, SCAO

| | | |
|---|---|---|
| | Original - Court | 2nd Cr [ ] - Plaintiff |
| | 1st Copy- Defendant | 3rd C[ ] Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 21-015931-CB Hon.Brian R. Sullivan |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s) UPPERCUT BROS, LLC    et. Al | v | Defendant's name(s), address(es), and telephone no(s). HAMMOUD, HASSAN |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no** Mohammed Abdrabboh 61989 1360 Porter St Ste 210 Dearborn, MI 48124-2894 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 11/17/2021 | Expiration date* 2/16/2022 | Court clerk Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

