UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UPPERCUT BROS, LLC
and ABBAS BAZZY,

      Plaintiffs,                    Case No. 22-cv-10056

v.                                      Paul D. Borman
                                      United States District Judge

HASSAN HAMMOUD,

      Defendant.
_____/

# **OPINION AND ORDER REMANDING THIS CASE TO STATE COURT**

## PROCEDURAL HISTORY

On November 17, 2021, Plaintiffs Uppercut Bros, LLC and Abbas Bazzy filed this case against Defendant Hassan Hammoud in Wayne County Circuit Court. (ECF No. 1-1.) In their Complaint, Plaintiffs alleged nine counts against Defendant: 1) Defamation/Slander Per Se; 2) Defamation/Slander; 3) Defamation Per Quod; 4) False Light; 5) Tortious Interference with Contractual Relations; 6) Civil Conspiracy; 7) Breach of Fiduciary Duty; 8) Malicious Prosecution; and 9) Exemplary Damages. (ECF No. 1-1, PageID 10–22.)

Plaintiffs also noted that there is "a pending case between the Defendant (but not the Plaintiffs) in the Wayne County Circuit Court involving some of the subject matter of this Case." (ECF No. 1-1, PageID 6); *see also Hammoud v. Dearborn*

1

*Golden Invs., LLC*, 21-09557-CB (Wayne Cnty. Cir. Ct. 2021); *Deaborn Golden Invs., LLC et al. v. Hammoud et al.* 17-013444-CB (Wayne Cnty. Cir. Ct. 2017) (related case that was dismissed). And they noted that there is "a [pending] federal case involving Plaintiffs," too. (ECF No. 1-1, PageID 6); *see also Dearborn Golden Invs., LLC v. Uppercut Bros, LLC et al.*, 20-cv-13115 (E.D. Mich. 2020) (alleging RICO violations, among others); *Dearborn Golden Invs., LLC v. Uppercut Bros, LLC et al.*, 19-cv-13727 (E.D. Mich. 2019) (related case that was dismissed).

On January 10, 2022, Defendant Hammoud removed the case to this Court. (ECF No. 1.) In his Notice of Removal, Defendant claimed that this Court has federal question jurisdiction under 28 U.S.C. § 1331, "because Plaintiffs' State Court Action collaterally challenges this Federal Court's actions in [another] pending Federal Case. This raises issues of First Amendment retaliation, and the Noerr-Pennington Doctrine." (ECF No. 1, PageID 2.) He added that "Plaintiffs are forum shopping in the State Court." (ECF No. 1, PageID 3.) But he did not cite any case law to support his assertion of jurisdiction.

On February 11, 2022, Plaintiffs moved to remand the case to state court. (ECF No. 4.) They argued that "[n]o federal claims or injuries are alleged" and thus, under the "well-pleaded complaint rule," there is no federal question jurisdiction. (ECF No. 4, PageID 49–50) (citing *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005), *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003), and

2

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc); *see also* (ECF No. 6, PageID 112–13) (making the same point, citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). They also argued that they "are entitled to attorney fees." (ECF No. 4, PageID 51–52) (citing *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055 (6th Cir. 2008)).

Twelve days later, Defendant responded that this Court does have jurisdiction because Plaintiffs used "'artful pleading' to turn a federal issue into one appearing to be solely based on state law to avoid removal." (ECF No. 5, PageID 84) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)). Defendant stated that "[t]he first four counts" of Plaintiffs' Complaint "never once identify a specific statement spoken to third persons that would be required to support a claim of defamation." (ECF No. 5, PageID 84) (citing *Thomas M. Cooley L. Sch. v. Doe*, 833 N.W.2d 331 (2013)). Thus, he argued, after "[e]limintaing the non-actionable allegations, it is clear this case is built on the filing of the [pending federal] RICO action." (ECF No 5, PageID 85.)

Further, Defendant claimed that Count V comprises "plaintiffs complain[ing] that the filing of the RICO action against them has harmed their business by causing a loss of customers for their 'product,'" (ECF No. 5, PageID 85–86); "Count VI . . . relies on the filing of the legitimate federal lawsuit to support the theory that Mr. Hammoud wanted to signal to marijuana buyers that Uppercut Bros. would soon be

3

out of busines," (ECF No. 5, PageID 87); "Count VII . . . relies on the federal lawsuit for support," (ECF No. 5, PageID 87); and "Count VIII has the most direct attack on the RICO action: it outright alleges malicious prosecution for Mr. Hammoud having brought the federal action," (ECF No. 5, PageID 87). In summary of his "artful pleading" argument, Defendant asserts that:

> This new lawsuit is replete with references to RICO and ultimately tests whether the RICO action is valid. The complaint built upon protected speech (police reports) and legally insufficient vague assertions (defamation without identifying a single statement) necessarily relies on a court determining whether the RICO violations are sustainable as that is the only remaining cognizable claim.

(ECF No. 5, PageID 89.)

In addition, Defendant contends that this case "presents 'a common question of law or fact'" with the federal RICO case, and thus "rightfully should be consolidated with the existing case because it largely presents the *same* question." (ECF No. 5, PageID 89) (emphasis original).

**ANALYSIS**

Title 28 U.S.C. § 1441(a) allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, as the "removing party," the defendant "bears the burden of demonstrating federal jurisdiction," which "is determined by examining the complaint as it existed at the time of removal." *Harnden v. Jayco, Inc.*, 496 F.3d

4

579, 581 (6th Cir. 2007). (internal citations and quotation marks omitted). And "all doubts should be resolved against removal." *Id.*

"[D]istrict court[s] generally ha[ve] original jurisdiction in three situations: (1) when the case involves a federal question, 28 U.S.C. § 1331; (2) when there is diversity of citizenship between the parties and any amount in controversy is over $75,000, 28 U.S.C. § 1332; and (3) when the United States is a party, 28 U.S.C. §§ 1345, 1346." *RL & DG Invs.-Chelsea v. Ottoman*, No. 08-10087, 2008 WL 474080, at *2 (E.D. Mich. Feb. 19, 2008). Defendant claims that this case falls under the first situation, and thus that the Court has federal question jurisdiction.

Federal question jurisdiction "allows federal courts to hear cases 'arising under' federal law." *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) (quoting 28 U.S.C. § 1331). "A complaint arises under federal law if it: (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue; (3) raises state-law claims that are completely preempted by federal law; or (4) artfully pleads state-law claims that amount to federal-law claims in disguise." *Id.* (citing *Mikulski,* 501 F.3d at 560).

Defendant primarily lays claim to the fourth type of federal question jurisdiction. He also hints at the second. And he suggests that his federal defenses and request for joinder with another federal case might grant jurisdiction too. But none of these arguments satisfies his burden.

5

### 1. Defendant has not established that this Court has jurisdiction to hear this case based on the "artful pleading" doctrine.

Pursuant to the "artful pleading" doctrine, "plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.'" *Mikulski*, 501 F.3d at 560 (quoting *Moitie,* 452 U.S. at 397 n.2). In other words, "a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Id.* at 561.

"Although occasionally a removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization, most of them correctly confine this practice to areas of the law pre-empted by federal substantive law. Thus, artful pleading and preemption are closely aligned." *Id.* (internal citations, alterations, and quotation marks omitted).

Defendant has not established that Plaintiffs "artfully pled" their Complaint to avoid naming a federal statute that supplies the actual basis for their claims. Defendant does not suggest that any federal law pre-empts Plaintiffs' state-law claims. *C.f. Mikulski*, 501 F.3d at 560. And he does not "offer [any] evidence of [any] parallel federal claims that Plaintiff consciously avoided in [their] pleadings." *Northfield Park Assocs., LLC v. Mancino*, No. 16-cv-2854, 2017 WL 495392, at *2 (N.D. Ohio Feb. 7, 2017). Although Defendant argues that "the [C]omplaint . . . raises the efficacy of federal RICO claims as its fundamental factual determination,"

he does not suggest that Plaintiffs mean to bring a RICO suit against him, nor that Plaintiffs' claims are completely conterminous with a RICO claim. In other words, Defendant argues that the prior RICO case provides important support for Plaintiffs' state law claims, but not that RICO or any other federal law governs the *entire* legal analysis of these claims. Indeed, even if Plaintiffs were to defeat the RICO claims against them, they would not automatically prevail on their defamation, interference, civil conspiracy, breach of fiduciary duty, and malicious prosecution claims against Defendant. All of those claims require Plaintiffs to prove something more than that Defendant unsuccessfully accused them of a RICO violation in federal court.

> **2. Defendant has not directly addressed whether (let alone established that) this Court has jurisdiction to hear this case based on the "substantial federal question" doctrine.**

The Court notes that Defendant's filings also appear to hint that Plaintiffs' Complaint "necessarily depends on a substantial and disputed federal issue." *Brunner*, 629 F.3d at 530. Indeed, this may have been a more natural path to jurisdiction than the artful pleading one.

But Defendant never engages with the well-established standard for evaluating this type of jurisdiction. To demonstrate that a plaintiff's state court complaint "necessarily depends on a substantial and disputed federal issue," a defendant must show that "(1) a state-law claim necessarily raises a stated federal issue, (2) that is actually disputed and substantial, (3) which a federal forum may entertain without

7

disturbing any congressionally approved balance of federal and state judicial responsibilities." *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1014 (6th Cir. 2018) (internal citations, alterations, and quotation marks omitted) (adding that "[t]his pathway is a slim category" (internal quotation marks and citations omitted)). Fatally, nothing in Defendant's briefing could be construed as an argument for why any federal question here is "substantial." *See id.* at 1015 (setting out the "four substantiality factors to consider").

Therefore, Defendant fails to carry his burden of establishing jurisdiction based on a substantial and disputed federal issue. *See Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) ("All doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." (internal quotation marks, citation, and alteration omitted)).

**3. Defendant has not established that this Court has jurisdiction to hear this case based on any other theory.**

Defendant's two remaining arguments are similarly unavailing. First, Defendant cannot establish jurisdiction based on a "First Amendment retaliation" counterclaim or a "Noerr-Pennington" defense, (ECF No. 1, PageID 2), because "the federal question ordinarily must appear *on the face of a properly pleaded complaint*; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430–31 (1999) (emphasis added); *see*

8

*also Fed. Nat'l Mortg. Ass'n v. Lofton*, No. 13-12519, 2013 WL 12182679, at *2 (E.D. Mich. Oct. 31, 2013) ("A defendant's reliance on federal law as an affirmative defense does not present [a] federal question for removal analysis." (citing *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.3d 190, 194 (6th Cir. 1989))); *In re Cardizem CD Antitrust Litig.*, 90 F. Supp. 2d 819, 840 (E.D. Mich. 1999) ("because the Noerr–Pennington doctrine constitutes a defense, it cannot form the basis for federal question jurisdiction in this case" (internal citation and quotation marks omitted)).

Second, Defendant cannot establish jurisdiction based on the possibility of consolidating this case with the aforementioned federal case, because "[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996). Accordingly, "a removal petition [] may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." *Id.* (internal citations omitted).

**4. The Court declines to require Defendant to pay Plaintiffs' attorney fees.**

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [] removal." 28 U.S.C. § 1447(c) (emphasis added). "This provision gives district

9

courts discretion to grant fees to the opposing party—they 'may' grant fees—if the removing party lacked an objectively reasonable basis for seeking removal." *Brunner*, 629 F.3d at 530 (internal quotation marks and citation omitted); *see also Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993) ("[A] finding of improper purpose or bad faith is not necessary to support an award" of attorney fees under [§ 1447(c)].").

The Court declines to exercise its discretion to award such costs and fees here.

**CONCLUSION**

The Court **REMANDS** this case to the Wayne County Circuit Court.


**IT IS SO ORDERED.**

                                            s/Paul D. Borman

Dated: April 26, 2022                 Paul D. Borman
                                            United States District Judge